```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                    :
NATIONAL ELECTRICAL BENEFIT
FUND                                :

     v.                             :  Civil Action No. DKC 14-1646

                                    :
J.H. HAYNES ELECTRIC COMPANY,
INC.                                :
```

**MEMORANDUM OPINION**

Pending before the court is Plaintiffs' motion for default judgment (ECF No. 8). The complaint was filed May 21, 2014 and alleges that Defendant owes Plaintiffs $75,028.79 in contributions for the periods of April, 2013 through January, 2014, plus interest of $6,133.36, and liquidated damages of $16,793.03. The complaint also sought costs, contributions, interest, and liquidated damages which become due subsequent to the filing of this action through the date of judgment.

On July 18, 2014, Plaintiffs moved for the entry of default for want of answer or other defense (ECF No. 7) and for default judgment (ECF No. 8). The Clerk of Court entered default for want of answer or other defense by the Defendant on July 30, 2014 (ECF No. 9).

Plaintiffs' motion for default judgment requests judgment against the Defendant for late contributions for the months of April, 2013 through April, 2014.

Plaintiffs' motion for entry of judgment by default seeks sums not sought in the initial complaint and will only be granted in part. Fed. R. Civ. P. 54(c) provides in part that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Although there are circumstances where the result is different,

> When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages. *See, e.g., Compton v. Alton Steamship Co.*, 608 F.2d 96, 104 (4th Cir.1979); *Producers Equip. Sales, Inc. v. Thomason*, 15 Kan.App.2d 393, 808 P.2d 881, 886 (Kan.Ct.App.1991). A default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount.

*In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Here, the complaint sought damages for the months of April 2013 through January, 2014, in the amount of $75,028.79 for contributions and liquidated damages, plus costs, interest, and attorneys' fees. Although the complaint also sought damages "which become due subsequent to the filing of this action," the court declines to award damages that were not specified in the complaint.

2

Accordingly, judgment will be entered for the sums due based on the initial complaint.

                                    /s/
                            DEBORAH K. CHASANOW
                            United States District Judge